JOSEPH A. ANDROVICH, SBN 261788
**BRELSFORD, ANDROVICH & WHITE**
2001 I Street
Sacramento, California 95811
Telephone: (916) 449-1300
Facsimile: (916) 449-1320
Email: jandrovich@baw-attorneys.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES VERDI, | CASE NO. |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | 1. Personal Injury - Medical Malpractice |
| UNITED STATES OF AMERICA, et al. | |
| Defendants. | |

## I. JURISDICTION

1.  Plaintiff is a citizen of the State of California. Plaintiff is informed and believes, and thereon alleges that each Defendant is a governmental entity, corporation incorporated under the laws of the State of California, with a principal place of business in the State of California, and/or a physician and/or health care provider licensed to practice medicine with the State of California. The matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

## II. GENERAL ALLEGATIONS

1.  The true names and capacities, whether individual, corporate, associate or otherwise, of the Defendants are unknown to Plaintiff, who therefore sues such Defendants by such fictitious names, and Plaintiff will amend this complaint to show their true names and capacities when the same have been ascertained. Plaintiff is informed and believes and thereon alleges that each of the

Defendants are responsible under law in some manner, negligently, in warranty, strictly, or otherwise, for the events and happenings herein referred to and proximately thereby caused injuries and damages to Plaintiff as herein alleged.

2. Plaintiff is now, and at all times herein mentioned was, a citizen of and resident within the State of California, and the Defendants, and each of them, are now, and at all times herein mentioned were, citizens of and residents within the State of California, and the amount in controversy exceeds the minimum jurisdictional limits of the Court.

3. Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, each of the Defendants were the agents, employees, principals or employers of each of the remaining Defendants and were at all times relevant, acting within the course and scope of said relationships and each Defendants have authorized, ratified and approved the acts of each of the remaining Defendants.

4. Defendant UNITED STATES OF AMERICA, are now, and at all times herein mentioned were, business entities, as a corporation, association, partnership or other type of business entity, doing business in California, and Plaintiff will ask leave to insert the correct designation when the same has been ascertained.

5. Defendant UNITED STATES OF AMERICA at all times herein mentioned were physicians and surgeons practicing in the State of California.

6. Defendant UNITED STATES OF AMERICA at all times herein mentioned, were nurses, technicians, assistants or other medical practitioners practicing in the State of California.

7. Defendant UNITED STATES OF AMERICA is a governmental entity which owns, controls, supervises and/or dictates the actions and policies of the remaining Defendants.

8. On or about August 30, 2021, Plaintiff filed a Claim for Damage, Injury or Death form (Standard Form 95), with the U.S. Department of Health and Human Services, pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b), 2401(b), 2671-2680. Such claim was denied on February 22, 2022.

///

///

**FIRST CAUSE OF ACTION**
(Medical Malpractice Against UNITED STATES OF AMERICA)

9.  Plaintiff incorporates by reference paragraphs 1 through 8 as if fully set forth herein.

10. Between August 29, 2019 and September 12, 2019, and thereafter, Defendants, and each of them, impermissibly delayed, failed or were negligent in providing proper care resulting in severe injury to Plaintiff, JAMES VERDI's body.

11. On August 29, 2019, Plaintiff, JAMES VERDI presented to WellSpace Health in the Sacramento, California area for an Immediate Care visit. He was seen by Clark Lomboy, FNP-C. Mr. Lomboy noted that Mr. VERDI had a wound underneath his right foot that had been present for two days. There was localized swelling to this area of the right foot. Mr. Lomboy also noted that Mr. VERDI was a diabetic who was treated with the medications Humalog and Lantus, injected daily. Mr. VERDI's blood pressure was measured by Aleriesha Coleman, MA, and recorded as being 117/65, with a temperature of 99.4, and a pulse of 93 beats per minute. Mr. Lomboy ordered and obtained cultures of Mr. VERDI's right foot wound. Mr. VERDI's wound was cleaned with sterile water, covered with sterile gauze, and wrapped in a bandage. He was not placed in a cast or boot despite being told that a boot or cast would be given to him.

12. Mr. Lomboy ordered Bactrim DS 800 mg-160 mg tablets to be taken once every 12 hours for 7 days. He also ordered cephalexin 500 mg taken once orally every 12 hours for 7 days. Mr. Lomboy indicated that he could not refer Mr. Verdi to a foot specialist. Mr. Lomboy told Mr. VERDI that Mr. VERDI needed to contact his primary care physician for a referral of this nature.

13. Mr. VERDI came back to WellSpace Health later that same day to obtain a referral to a foot specialist from his primary care physician. Mr. VERDI was told by staff at WellSpace that he was not allowed to be seen twice in the same day. There was an upcoming holiday weekend, so Mr. VERDI's plan was to obtain the first available appointment after the holiday.

14. Mr. VERDI returned to WellSpace Health on September 3, 2019. This time he saw Ana Sanchez, NP. Ms. Sanchez noted that Mr. VERDI was a "walk in," meaning that he did not have an appointment set for that day. Mr. VERDI was noted to have right foot edema and complained of a wound on the right foot. Ms. Sanchez noted the history of diabetes, history of prior

*Complaint for Damages*                                    3

similar wounds, and pain that was rated as a 6/10. Ms. Sanchez noted that Mr. VERDI had been to WellSpace 5 days earlier and was prescribed antibiotics that he was still taking. Mr. VERDI was noted to be ambulating with crutches.

15. During this September 3, 2019 visit, Kuldip Kaur measured and recorded vital signs, including a BP of 134/74, temperature of 98.6, pulse of 101 beats per minute, and 15 breaths per minute. Mr. VERDI reported right foot pain at a level of 6/10. Ms. Sanchez's exam noted that the right foot showed a 4cm open diabetic wound on the medial plantar area, as well as edema. The results of the wound culture were in the WellSpace records, and the results of the culture should have alerted Ms. Sanchez to the fact that Mr. VERDI's antibiotic coverage should have been changed.

16. Ms. Sanchez told Mr. VERDI to continue with his antibiotics, that she would order another round of antibiotics, and that a referral to a podiatrist was placed. Ms. Sanchez ordered "podiatry urgent urgent for diabetic wound foot." Mr. VERDI was sent home.

17. Immediately after this visit, Mr. VERDI went to his regular pharmacy at Safeway to obtain the antibiotics and pain medication that was ordered by Ms. Sanchez. Safeway indicated that no one from WellSpace sent in a prescription. Mr. VERDI attempted to contact WellSpace, Ms. Sanchez, Mr. Lomboy, and/or anyone at WellSpace over the subsequent days to ask about the status of his prescription. Mr. VERDI's pharmacy indicated that they never received anything - no call, no fax, no order for antibiotics. Mr. VERDI called WellSpace every day until his foot wound had worsened to the point of needing emergency care.

18. Mr. VERDI presented to the emergency room at UC Davis on September 12, 2019, where he was diagnosed with necrotizing fasciitis. The physicians at UC Davis performed a below the knee amputation of Mr. VERDI's right leg. While still hospitalized at UC Davis recovering from the amputation, Mr. VERDI received a call from WellSpace indicating that the podiatrist wanted to see him as soon as possible. By that time, it was far too late.

19. During the times herein mentioned, the Defendants, and each of them, negligently cared for, diagnosed, and treated Plaintiff and failed to exercise the standard of care and skill ordinarily and reasonably required of physicians, surgeons, hospitals, nurses, etc., which proximately caused the hereinafter described injuries and damages to Plaintiff.

20. As a proximate result of the said negligence and carelessness of the Defendants, and each of them, Plaintiff, JAMES VERDI, was hurt and injured in his health, strength and activity, sustaining injury to his body and shock and injury to his nervous system and person, all of which said injuries have caused and continue to cause Plaintiff great mental, physical and nervous pain and suffering. Plaintiff is informed and believes and therefore alleges that said injuries will result in some permanent disability to Plaintiff, all to his general damage in an amount in excess of the minimum jurisdictional limits of this Court.

21. As a further proximate result of the negligence of Defendants, and each of them, Plaintiff, JAMES VERDI, was required to and did employ, physicians and surgeons to examine, treat and care for him and did incur, and will in the future incur, medical and incidental expenses. The exact amount of such expense is unknown to Plaintiff at this time, and Plaintiff shall seek leave to amend this pleading when the same has been ascertained by him.

22. As a further proximate result of the said negligence of the Defendants, and each of them, Plaintiff, JAMES VERDI, was prevented from attending to his usual occupation, employment opportunities, benefits and advantages, and Plaintiff is informed and believes and thereon alleges that he will thereby be unable to attend to his usual occupation, employment opportunities, benefits and advantages at times in the future, and as a proximate result thereof, will sustain a loss with regard to his past and future wages and benefits, as well as her earning capacity.

WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, as follows:

1. For general damages in a sum in excess of the minimum jurisdictional limits of this Court;
2. For medical and incidental expenses according to proof;
3. For all costs of suit incurred herein;
4. For loss of earnings according to proof;
5. All prejudgment interest on general and special damages from the date of the incident of the present complaint; and
6. For such other and further relief as this Court may deem just proper.

*Complaint for Damages*         5

# DEMAND FOR JURY TRIAL

Plaintiff JAMES VERDI demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED: March ____, 2022                    **BRELSFORD, ANDROVICH & WHITE**


                                           */s/ Joseph A. Androvich*
                                           JOSEPH A. ANDROVICH
                                           Attorneys for Plaintiff